UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PARAMJEET S. MALHOTRA, et al., | CASE NO. C09-1618JLR |
| Plaintiffs, | ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT AND DISMISSAL |
| v. | |
| ROBERT D. STEINBERG, et al., | |
| Defendants. | |

This matter comes before the court on Defendant John L. Scott, Inc.'s ("JLS") motion for summary judgment and dismissal. (Mot. (Dkt # 112).) JLS asks the court to end its participation in this lawsuit by granting summary judgment of some of the Plaintiffs' claims against it and dismissal of the others. However, this case is still in its early stages and there are many facts in dispute that are material to resolving the Plaintiffs' claims. Being fully advised, and having reviewed the submissions and briefing of the parties, and for the reasons set forth below, the court DENIES JLS's motion (Dkt. # 112).

ORDER- 1

## I. INTRODUCTION

This case involves claims against a former bankruptcy trustee, Robert Steinberg, who allegedly defrauded the United States government by orchestrating an illegal kickback scheme connected to sales of real property in bankruptcy proceedings. (2d Am. Compl. (Dkt. # 108) ¶¶ 1-3.) The plaintiffs are private individuals, Paramjeet and Sunita Malhotra, who are proceeding on behalf of the United States as *qui tam* plaintiffs under the False Claims Act ("FCA"). (*Id.* ¶ 10.) The Malhotras have named as defendants several real estate agents and their employers, including the moving party, JLS and James W. Grace, who joins in JLS's motion (Not. of Joinder (Dkt. # 140)).[1] (*Id.* ¶¶ 13-15.)

JLS argues in this motion that some of the Malhotras' claims against it are barred by the FCA's statute of limitations, that others warrant summary judgment because JLS cannot be vicariously liable for them, and that the rest should be dismissed because they fail to state a claim on which relief can be granted. (*See* Mot.) The court considers each of these claims in turn, rejecting each one because genuine issues of material fact remain that preclude summary judgment and dismissal.

## II. BACKGROUND

Defendant Mr. Steinberg was appointed as a bankruptcy trustee in the Malhotras' bankruptcy proceeding in December 2006. (Am. Compl. ¶ 19.) The Malhotras had a "negative initial 'gut reaction'" to Mr. Steinberg, (Compl. ¶ 5.2), and began investigating his activities (Am. Compl. ¶ 27). For six months in 2006 and 2007, the Malhotras

---

[1] Defendants Mr. Steinberg and Steinberg & Associates, LLC also join in this motion. (Not. of Joinder (Dkt. # 120).)

searched "thousands of documents, analyzing and personally inspecting bankruptcy estate properties that had been sold, and interviewing debtors, witnesses, and Steinberg's business associates." (*Id.* ¶ 29.) The Malhotras allege that, "[a]s a result" of this investigation, they "uncovered . . . fraud on . . . the United States, perpetrated by Steinberg and his ring of real estate professionals." (*Id.* ¶ 30.)

"The Malhotras then complained about Mr. Steinberg and warned Assistant United States Trustee Mark H. Weber in writing that Mr. Steinberg was undervaluing properties and that he may have a kickback scheme with James Grace and other realtors." (Compl. ¶ 5.5.) Two years after warning Weber, "the government finally deposed Jim Grace, [and] Mr. Grace confirmed that Mr. Steinberg had solicited" kickbacks in cases involving John L. Scott and Grace. (Compl. ¶ 5.7.)

On November 11, 2009, the Malhotras filed a *qui tam* complaint against Mr. Steinberg and Does 1-20 and "served a copy . . . upon the United States." (Compl. ¶ 3.5.) The United States decided not to prosecute the action, and on November 29, 2010, filed a notice of election to decline intervention giving the Malhotras the green light to pursue the case on the government's behalf as *qui tam* plaintiffs. ((Dkt. # 6).) On November 4, 2011, the Malhotras filed an amended complaint against Defendants Mr. Steinberg, James Grace, David Rinning, Cecil Williams, Steinberg & Associates L.L.C., John L. Scott, Inc., RE/MAX Eastside Brokers, Inc., and Welles Rinning. (Am. Compl.)

//
//
//

ORDER- 3

## III.   ANALYSIS

This fact-intensive case is still in its beginning stages, and JLS's various arguments for dismissing the Malhotras' claims all turn on facts that are still in dispute. As such, summary judgment and dismissal are not appropriate.

### A.   Summary Judgment Standard

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits," when viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets his or her burden, then the non-moving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial" in order to withstand summary judgment. *Galen*, 477 F.3d at 658. The non-moving party "must present affirmative evidence to make this showing." *Id.*

This summary judgment motion raises three separate arguments: one related to statute of limitations, another related to vicarious liability, and a third which is actually a 12(b)(6) motion to dismiss.

//

//

B.  **Statute of Limitations**

Defendants first argue that they are entitled to summary judgment on all claims arising before November 5, 2005, because those claims are barred by the FCA's statute of limitations. (Mot. at 5). The court concludes otherwise after examining the parties' arguments and submissions because there are still many unresolved facts that are material to this issue.

The FCA has a rather complex statute of limitations. It is ostensibly a six year limitations period, but there is also a 10 year statute of repose and an "equitable tolling" provision, under which the plaintiff has three years to bring an action "after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances." 31 U.S.C. § 3731(b). An "official of the United States" includes a *qui tam* plaintiff seeking to enforce on the United States' behalf. *United States ex rel. Hyatt v. Northrop Corp*, 91 F.3d 1211, 1217 n.8 (9th Cir. 1996). Thus, the limitations period for a *qui tam* plaintiff can be extended beyond six years if the equitable tolling provision applies. *Id.* The plaintiff is entitled to the longer of the two time periods, either six years or three years after equitable tolling begins. 31 U.S.C. § 3731(b).

The parties dispute whether equitable tolling applies in this case, and their disagreement revolves around differing versions of the facts. Under JLS's version of the facts, the Malhotras and the government both knew all the facts giving rise to their claim in December 2006. (Mot. at 7-11.) JLS supports its version of the facts with summary judgment evidence. (*See id.*) Under the Malhotras' version of the facts, the Malhotras

ORDER- 5

and the government did not know all the relevant facts until after November 21, 2008. (Resp. (Dkt. # 121) at 15-19.) Like JLS, the Malhotras support their version of the facts with summary judgment evidence. (*See id.*) In order to determine whether the equitable tolling provision applies, the court would have to weigh the conflicting evidence and decide which version of the facts is correct. That is not the court's role on summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). Thus, summary judgment is inappropriate.

This is not the first time this issue has been before the court. In ruling on JLS's Motion for Judgment on the Pleadings (Dkt. # 59), the court held that "whether the equitable tolling provision of the FCA applies depends on a disputed issue of material fact, and it would not be proper to grant judgment on the pleadings." (7/9/12 Order (Dkt. # 105) at 22.) The court also said that Plaintiffs may be able to assert their statute of limitations defense "if they can prove at trial that the statute was tolled." (*Id.* n.8.) The main difference between this motion and the previous one is that on summary judgment the parties are permitted to submit evidence outside the pleadings. *See* Federal Rule of Civil Procedure 56(c).

Here, the parties have submitted additional evidence but they have not settled the factual dispute that prevented the court from ruling against the Malhotras the first time. The Ninth Circuit has explained that "[e]quitable tolling is not the arena of bright-line rules and dates certain; determinations whether there are grounds for equitable tolling are highly fact-dependent." This case is no exception. For example, JLS claims that the Malhotras knew of the facts underlying their claim in late 2006:

ORDER- 6

The Malhotras, former Chapter 7 debtors, discovered these kickbacks and told the Assistant United States Trustee for Region 18 (which includes Washington), Mark H. Weber, about them in 2006.

(Compl. ¶¶ 1.8-1.9.) On the other hand, defendants present evidence to the contrary, claiming that in 2006 the Malhotras only had a "gut feeling" that Mr. Steinberg was taking kickbacks, and that this gut feeling was not confirmed until 2008:

> Q: [W]hen did you discover that he was getting a kickback?
> [Mr. Malhotra]: 2006.
> Q: What specifically, what specific facts are you talking about when you say you discovered in 2006 that he was taking kickbacks?
> [Mr. Malhotra]: It was just my gut feeling.
>
> . . .
>
> Q: [W]ho told you he was taking kickbacks in 2006?
> [Mr. Malhotra]: Nobody told me. When the U.S. attorney deposed Jim Grace, that's the time I was confirm he was taking kickback.
> Q: That was 2008, correct?
> [Mr. Malhotra]: 2008.

(Weiskopf Decl. (Dkt # 123-11) Ex K. at 4, 6-7, 18.) Material factual disputes like this pervade the parties' dispute over the statute of limitations and preclude the court from entering summary judgment for JLS on this issue.

C.  **Vicarious Liability**

JLS's next claim for summary judgment suffers from similar problems. JLS argues (in cursory fashion) that it is entitled to summary judgment for all claims arising after December 31, 2005, when Mr. Grace stopped working for JLS and started working for another realtor, RE/MAX. (Mot. at 12-13.) JLS believes it cannot be liable for acts Mr. Grace took while working for another realtor. (*Id.*) This may be true, but JLS misunderstands the Malhotras' claims against it. The Malhotras claim is that there was

ORDER- 7

wrongdoing not only by Mr. Grace, but by JLS itself, and that JLS was involved in the kickback scheme and "actively concealed the fraud even after Grace" stopped working for JLS. (Resp. at 21 (citing Weiskopf Decl. ¶¶ 32-39).) JLS does not attempt to rebut this allegation, let alone present evidence sufficient to meet its burden on summary judgment. (*See* Reply at 9-10). Instead, genuine issues of material fact remain that must be decided at a later time.[2]

### D.     Failure to State a Claim

Last, JLS moves to dismiss all remaining claims under Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Malhotras fail to state a claim on which relief can be granted. (Mot. at 13.) A different standard applies on a 12(b)(6) motion than on a summary judgment motion. To survive a motion to dismiss "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 557).

---

[2] JLS also asks the court to dismiss Count V in the Second Amended Complaint, which alleges civil conspiracy against JLS. (Mot. at 22.) JLS claims the Malhotras lack standing to bring this common law cause of action against the United States. (*Id.*) The parties have evidently conferred and come to an understanding about the meaning of this language. (*See id.*; Resp. at 29 n.12.) According to the Malhotras, "JLS's motion on this point is unnecessary and its attack on this cause of action has more to do with the style of [the Malhotra's] pleading than with the substance." (Resp. at 29 n.12.) The court agrees and declines to strike Count V.

ORDER- 8

Following this standard, the court concludes that dismissal under Rule 12(b)(6) is not warranted. JLS's various arguments for dismissal all turn on disputed facts. On JLS's motion to dismiss, we must accept all of the Malhotras' facts as true, which in this case prevents the court from ruling in JLS's favor. First, JLS argues that the FCA does not apply because the money Mr. Steinberg gained through his fraud did not belong to the United States government. (Mot. at 14.) But the Malhotras allege that it did belong to the United States Government, and on a 12(b)(6) motion we must take these allegations as true. Finally, JLS argues that the Malhotras' so-called "reverse claims" should be dismissed because the FCA bars claims based on unpaid taxes. (Mot. at 15.) Here again, this issue cannot be resolved without finding facts. It is not known at this time whether the tax bar applies because it is not known whether the Malhotras' "reverse claims" are grounded in tax liability. Thus, we must accept the Malhotras' version of the facts, under which JLS is not entitled to 12(b)(6) dismissal.

## IV.   CONCLUSION

The court DENIES JLS's motion for summary judgment and dismissal (Dkt. # 112).

Dated this 29th day of October, 2012.

JAMES L. ROBART
United States District Judge

ORDER- 9