UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PARAMJEET S. MALHOTRA, et al., | CASE NO. C09-1618JLR |
| Plaintiffs, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| ROBERT D. STEINBERG, et al., | |
| Defendants. | |

This matter comes before the court on Plaintiffs Paramjeet and Sunita Malhotra's motion for reconsideration. (Mot. (Dkt. # 227).) Plaintiffs ask the court to reconsider portions of its January 22, 2013, Order granting in part Defendants' motion to dismiss, deferring ruling in part, and setting an evidentiary hearing. (1/22/13 Order (Dkt. # 217).) Plaintiffs argue that the previous order was wrong with respect to whether there had been a "public disclosure" of information related to allegations against Defendant Robert Steinberg. Having considered the motion, the governing law, and the record, the court DENIES the motion for reconsideration.

ORDER- 1

1      Pursuant to Local Rules W.D. Wash. CR 7(h)(1), motions for reconsideration are
2 disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in
3 the prior ruling, or (b) facts or legal authority which could not have been brought to the
4 attention of the court earlier with reasonable diligence. Local Rules W.D. Wash. CR
5 7(h)(1).

6      In their motion, Plaintiffs argue that there are both facts and legal authority the
7 court should consider that the parties did not previously present. However, Plaintiffs'
8 "new" authority was available before Plaintiffs filed their response brief (*see* Resp. (Dkt.
9 # 193)), and their "new" facts were presumably known to Plaintiffs, at the latest, since the
10 close of discovery. Plaintiffs did not include these facts and this legal authority in their
11 original filings, and the court rejects their attempt to reargue this motion now.

12      But even setting this point aside, the court denies Plaintiffs' motion and reaffirms
13 its previous holding that there was a "public disclosure" of the allegations against Mr.
14 Steinberg. (1/22/12 Order at 7-9.) Plaintiffs' new authority consists of an unpublished
15 Ninth Circuit opinion that is factually distinct from this case. *See Berg v. Honeywell*
16 *Int'l, Inc.*, No. 11-35001, 2012 WL 6759950 (9th Cir. 2012). *Berg* involved government
17 information being disclosed to a private company that (1) was plainly not an "outsider" to
18 the investigation in question; (2) was acting on behalf of the government; (3) had an
19 incentive to keep information confidential; and (4) had no incentive to file a *qui tam*
20 action. *Id.* at *1. None of those facts are present here. Instead, this case more closely
21 resembles *Seal 1 v. Seal A*, 255 F.3d 1154 (9th Cir. 2001), where the government
22 disclosed information to an individual who was an outsider to the investigation, who was

ORDER- 2

not acting on the government's behalf, and who had an incentive to (and in fact did) file a *qui tam* claim. The court rejects Plaintiffs' appeal to *Berg* and reaffirms its adherence to *Seal 1* for the reasons explained above and in its January 22, 2013, Order.

Plaintiffs also present no new facts giving the court cause to reconsider its previous ruling. In their motion, Plaintiffs simply predicted that the January 31, 2013, evidentiary hearing would produce evidence showing that Plaintiffs were acting at the behest of the government in the investigation of Mr. Steinberg. (Mot. at 4.) But the evidentiary hearing has now been held, and neither side has produced evidence to persuade the court that its prior ruling was wrong.

For the foregoing reasons, the motion for reconsideration is DENIED (Dkt. # 227).

Dated this 1st day of February, 2013.

JAMES L. ROBART
United States District Judge