UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PARAMJEET S. MALHOTRA, et al.,

    Plaintiffs,

v.

ROBERT D. STEINBERG, et al.,

    Defendants.

CASE NO. C09-1618JLR

ORDER ON BILL OF COST MOTIONS

Before the court are four renewed bill of cost motions brought by four different defendants in this case (Dkt. ## 270-73). Defendants ask the court to award costs for defending this lawsuit. Plaintiffs oppose the motions, arguing that an award of costs would not be fair and just. The court GRANTS all four motions and awards each defendant costs as described herein.

## I. BACKGROUND

Plaintiffs Paramjeet and Sunita Malhotra ("the Malhotras") brought this case against former bankruptcy trustee Robert Steinberg and other defendants alleging corrupt

ORDER- 1

practices in violation of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33. (2d Am. Compl. (Dkt. # 108) ¶¶ 1-3.) The case was dismissed for lack of subject matter jurisdiction on February 5, 2013. (2/5/13 Order (Dkt. # 234).) Thereafter, each of several Defendants in this case (collectively, "Defendants") separately moved for an award of costs under Federal Rule of Civil Procedure 54(d). (*See* Mots. for Bill of Costs (Dkt. ## 238-41).) The court referred all of these motions to the Clerk of the Court, and the Clerk taxed costs against the Malhotras. (*See* 3/29/13 Orders (Dkt. ## 256-59).) The Malhotras filed a motion to retax, arguing that the Clerk applied the wrong standard. (Mot. to Retax (Dkt. # 260).) The court granted the motion and vacated the clerk's cost order, finding that the court should have applied 28 U.S.C. § 1919 to assess costs instead of Federal Rule of Civil Procedure 54(d). (5/3/13 Order (Dkt. # 269) at 8-10.)

In order to understand the context in which costs are to be awarded, it is necessary to understand the history of this case. The underlying claims in this case are against former bankruptcy trustee Robert Steinberg, who allegedly defrauded the United States government by orchestrating an illegal kickback scheme connected to sales of real property in bankruptcy proceedings. (2d Am. Compl. ¶¶ 1-3.) The Malhotras are private individuals proceeding on behalf of the United States as *qui tam* plaintiffs under the FCA. (*Id.* ¶ 10.) The Malhotras' claims against Mr. Steinberg and all other related Defendants were resolved by a February 5, 2013, order of the court. (*See* 2/5/13 Order.)

The court dismissed the Malhotras' claims for lack of subject matter jurisdiction under the FCA's "public disclosure bar." The public disclosure bar is a provision of the FCA designed to prevent "parasitic" *qui tam* lawsuits by plaintiffs pursuing claims based

ORDER- 2

on information already in the government's possession. *Seal 1 v. Seal A*, 255 F.3d 1154, 1158-59 (9th Cir. 2001). To achieve this end, the public disclosure bar strips courts of subject matter jurisdiction to hear *qui tam* FCA claims based on publicly-disclosed information unless the *qui tam* relator was an original source of the information:

> No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C. § 3730(e)(4)(A).

In its February 5, 2013, order, the court held that the Malhotras' claims were based on publicly disclosed information and that the Malhotras were not an original source of that information. (2/5/13 Order at 12, 17.) The court reached this conclusion after holding a day-long evidentiary hearing to decide disputed facts, hearing testimony from the Malhotras, Mr. Steinberg, and other witnesses. (*Id.* at 4-5.) Having reached this conclusion, the court dismissed all of the Malhotras' claims. (*Id.* at 12, 17.)

Now, all that remains is to determine who should bear the costs associated with this lawsuit. In a previous order, the court determined that an award of costs was justified under 28 U.S.C. § 1919, but that the court needed more information to determine the amount of the award. (5/3/13 Order at 8-11.) The court turns to that question now.

## II. ANALYSIS

**A.  Standard for Awarding Costs under 28 U.S.C. § 1919**

Under Section 1919 of Title 28 of the United States Code, "[w]henever any action or suit is dismissed in any district court . . . for want of jurisdiction, [the] court may order the payment of just costs." 28 U.S.C. § 1919. Under section 1919, the court "may" order costs, and only such costs as are "just." *Id.*; *see also Miles*, 320 F.3d at 988 (explaining the differences between Rule 54(d) and section 1919).

The Ninth Circuit Court of Appeals has provided clear guidance for applying section 1919. To determine "just costs" under section 1919, a district court must consider what is most fair and equitable under the totality of the circumstances. *Otay*, 672 F.3d at 1157. A "just costs" award is within the trial court's discretion and must be decided depending on the circumstances and equities of each case. *Id.* Under section 1919, there is no presumption that a party is entitled to costs simply because it was the prevailing party; in fact, applying such a presumption or its substantial equivalent is reversible error. *Id.* Likewise, there is no presumption that costs are "just" solely because a party necessarily incurred them defending against litigation. *Id.*

Instead, the Ninth Circuit has articulated four factors for district courts to consider: (1) the role played by exigent circumstances, such as hardship, prejudice, or culpable behavior by the parties (although it is clear that costs may be awarded absent exigent circumstances), *id.* at 1158; (2) the strength of the plaintiff's jurisdictional claim, *id.*; (3) the significance of pending parallel litigation in state court, *id.* at 1159; and (4) other equitable considerations, as encapsulated by the question "what is fair here?" *id.* (citing

*Ericsson GE Mobil Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 179 F.R.D. 328, 331 (N.D. Ala. 1998)).

**B.     Applying 28 U.S.C. § 1919**

    1.  <u>An award of just costs is warranted under section 1919</u>

Applying the four factors listed above, the court, in a previous order, concluded that a cost award is just and equitable. (5/3/13 Order at 8-10.)  With respect to factor (1), the court recognized that a cost award would impose a hardship on the Malhotras given their limited financial means and, likewise, that Mr. Steinberg's culpable behavior weighs against awarding costs.  (*Id.* at 8.)  However, the court also recognized that Defendants have been required to defend this action at great expense over the last several years including engaging in a significant amount of motions practice.  (*Id.*)  Further, the Malhotras chose to sue not only Mr. Steinberg, but also other entities whose culpability and liability is much more in doubt.  This consideration weighs heavily on the court given the fact that the Malhotras have been aware for quite some time that there were a number of colorable arguments for why their case should not be allowed to proceed.  Factor (1) weighs in favor of a cost award.

With respect to factor (2), the Malhotras appeared at first to have a reasonably strong claim to jurisdiction (as evidenced by the fact that the court held an evidentiary hearing to resolve the issue).  However, once the court heard testimony from the Malhotras and others, it became rather clear that the public disclosure bar applied and that the court did not in fact have jurisdiction.  (*See* 2/5/13 Order.)  Thus, upon further

1 | examination, the Malhotras' claim to jurisdiction was not as strong as they initially made
2 | it out to be, and factor (2) weighs in favor of a cost award as well.
3 |       With respect to factor (3), the court is not aware of any parallel state court
4 | litigation in this matter, making this factor neutral.
5 |       Finally, with respect to factor (4), the court finds that general equitable
6 | considerations weigh in favor of imposing a cost award. At this stage, the court asks
7 | "what is fair?" and concludes that, generally speaking, a cost award is fair in this case.
8 | *See Otay*, 672 F.3d at 1159 (citing *Ericsson GE Mobil Commc'ns, Inc. v. Motorola
9 | Commc'ns & Elecs., Inc.*, 179 F.R.D. 328, 331 (N.D. Ala. 1998)). Specifically, the court
10 | rejects the Malhotras' argument that the court should decline to award costs because it
11 | would have a "chilling effect" on *qui tam* litigation. The public disclosure bar is
12 | designed to discourage *qui tam* FCA actions of the kind filed by the Malhotras, and the
13 | court sees no reason to counteract that Congressional policy choice by declining to award
14 | costs following dismissal. As Defendants put it, if an FCA claimant "elects to gamble on
15 | getting over the public disclosure bar, they should not be allowed to do so with house
16 | money." (Resp. at 5.) As another court said, FCA claimants make a calculation of risk
17 | vs. reward before they agree to be "a pawn in an expensive game of litigation," and an
18 | error in this calculation is "not without consequence." *United States ex rel. Leveski v.
19 | ITT Educ. Servs., Inc.*, No. 1:07-cv-0867-TWP-MJD, 2012 WL 1028794, at *16 (S.D.
20 | Ind. Mar. 26, 2012) (rejecting "chilling effect" argument). Weighing these four factors,
21 | the court concludes that an award of "just costs" is appropriate in this case.
22 |

ORDER- 6

The court finds further support for this conclusion from other cases that have applied section 1919 and found a cost award to be just following dismissal of an FCA claim under the public disclosure bar. *See United States ex rel. Lewis v. Walker*, No. 3:06-CV-16 (CDL), 2012 WL 1672992, at *1-3 (M.D. Ga. May 14, 2012); *United States ex rel. Atkinson v. Penn. Shipbuilding Co.*, No. 94-7316, 2008 WL 191167, at *3-4 (E.D. Pa. Jan. 22, 2008).

2. Amount of Award for Each Defendant

Courts carefully scrutinize cost records to determine what costs are "just" in light of the circumstances and equities of a given case. *Id.* at *3. Specifically, courts applying section 1919 look for guidance to 28 U.S.C. § 1920—a similar provision relating to removal jurisdiction. *Otay*, 672 F.3d at 1160. Section 1920 enumerates the kinds of costs that may be taxed under its authority:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. With this as guidance, and having considered the *Otay* factors in the manner articulated above, the court makes the following cost awards to each Defendant.

ORDER- 7

*a. John L. Scott*

The court awards John L. Scott costs in the amount of $3,313.40.  John L. Scott asks the court for a total cost award of $7,002.93, including $5,875.65 for copies of deposition transcripts and $1,127.28 for fees for exemplification and copies of papers.  The court finds that all of the costs requested by John L. Scott were necessarily obtained for use in the defense of the case.  John L. Scott requests costs only for key evidence in the case, not for peripheral evidence or duplicative evidence.  Thus, both of these cost categories are appropriately awarded under section 1920, and therefore under section 1919 as well.  *See* 28 U.S.C. § 1920; *Otay*, 672 F.3d at 1160.  The court finds that John L. Scott's request is in large part reasonable and reflects the equities of this case as they are described above.

However, the court makes several adjustments, resulting in a lower cost award than John L. Scott requests.  First, the court balances the Malhotras' financial hardship against the other factors discussed above and determines that it is fair and just to award costs for deposition transcripts but not for copying and exemplification.  Therefore, the court, in its discretion, declines to award copying and exemplification costs.  Second, the court adjusts downward several of John L. Scott's deposition fee requests.  Most of John L. Scott's requests are reasonable, but two are substantially more than the others.  John L. Scott asks for $1,223.00 for the transcript of Sunita Malhotra's deposition and $2,167.60 for Mark Weber's deposition.  Excluding these two, the average cost award John L. Scott requests for deposition transcripts is $414.18.  There were no doubt good reasons why these two transcripts were more expensive than the others.  However, in light of the

equities of this case and the Malhotras' relative financial hardship, the court finds that it is fair and just to award $414.18 for the Sunita Malhotra transcript and $414.18 for the Mark Weber transcript. This results in a total cost award to John L. Scott of $3,313.40.

### b. *James Grace*

The court applies this same reasoning to Defendant James Grace's cost motion and awards Mr. Grace costs in the amount of $3,313.40. Mr. Grace's cost award is much easier to calculate under the methodology outlined above because he requested only costs for deposition transcripts, not for copying and exemplification. Further, there are no deposition transcripts that appear to be substantially more costly than the others. Mr. Grace requests $4,120.80, all of which reflects costs to obtain key evidence in the case, not peripheral evidence or duplicative evidence. Thus, all of Mr. Grace's requested costs are appropriately awarded under section 1920, and therefore under section 1919 as well. *See* 28 U.S.C. § 1920; *Otay*, 672 F.3d at 1160. The court finds that Mr. Grace's request is in large part reasonable and reflects the equities of this case as they are described above.

The court makes only one adjustment to Mr. Grace's cost request. There is no reason why Mr. Grace should receive a higher cost award than Defendant John L. Scott. The two are similarly situated with respect to the Malhotras' claims, there is no significant evidence that one was more culpable than the other, and the two mounted similar defenses to the Malhotras' claims. Thus, the court finds in its discretion that it is fair and just to adjust Mr. Grace's $4,120.80 award downward to $3,313.40, to make it equal to the amount of John L. Scott's award.

*c. David Rinning, Welles Rinning, and Re/Max Eastside Brokers, Inc.*

The same reasoning applies to Defendants David Rinning, Welles Rinning, and Re/Max Eastside Brokers. David and Welles Rinning request $4,451.48, of which $2,752.72 are costs for copying and exemplification of papers and the remaining $1,698.76 are for deposition transcripts. As above, the court finds it fair and just to award only the cost of the deposition transcripts, not the costs for copying and exemplification. This suggests an award of $1,698.76. There is no further reason to adjust David and Welles Rinnings' award, so the court awards them a total of $1,698.76.

Defendant Re/Max Eastside Brokers requests $1,837.74 in total costs, of which $843.10 are for copying, exemplification, and printing and $994.64 are for copies of deposition transcripts. As above, the court finds it fair and just to award only the costs of the deposition transcripts. Accordingly, and finding no other reason to adjust the award, the court awards Re/Max Eastside Brokers costs in the amount of $994.64.

*d. Robert Steinberg and Steinberg & Associates*

Defendants Robert Steinberg and Steinberg & Associates request $26,100.88 in costs—$3,212.77 for deposition transcripts and the rest for a variety of litigation expenses such as $10,939.00 for "Native file review and electronic image conversion (to TIFF)," $4,503.00 for "Removal of operating system files, program files and other non-user created data (de-nisting) and removal of duplicative files," and $3,794.91 for "Addition of bates stamp to electronic images." (*See* Steinberg Mot. (Dkt. # 273).) Just as above, the court finds that it just to award only the cost of the deposition transcripts. This is fair here because although Mr. Steinberg's overall litigation costs were much

1  higher than other Defendants, his involvement in the illegal kickback scheme was also
2  much greater, justifying his greater involvement in the litigation.  Accordingly, similarly
3  as for other Defendants, the court uses $3,212.77 as the starting point for Mr. Steinberg's
4  cost award.
5       In its discretion, the court adjusts this award downward to reflect the unique
6  circumstances and equities of this case.  In making a cost award under section 1919, the
7  court must consider the role played by exigent circumstances including culpable
8  behavior, *Otay*, 672 F.3d at 1158, and equitable considerations as encapsulated by the
9  question "what is fair here?"  *Id.* at 1159.
10      Here, Mr. Steinberg's culpable behavior substantially alters the equities of this
11 cost award and warrants a significant downward adjustment in that award.  Mr. Steinberg
12 has been accused of defrauding the bankruptcy court and engaging in corrupt practices in
13 his role as a bankruptcy trustee.  (2d Am. Compl. ¶¶ 1-3.)  The court has seen a
14 substantial amount of evidence in the course of this case demonstrating that these
15 allegations are far from unfounded.  (*See, e.g.*, Tr. of Ev. Hearing (Dkt. # 268).)  Mr.
16 Steinberg was the alleged mastermind behind the entire illegal kickback scheme.  (2d
17 Am. Compl. ¶¶ 1-3.)  The equities of this case are highlighted by Mr. Steinberg's
18 behavior in these proceedings.  (*See* Tr. of Ev. Hearing at 109-121.)  Mr. Steinberg
19 appeared at the evidentiary hearing that ultimately decided this case; to say he was
20 evasive and unhelpful at that hearing would be an understatement.  (*See id.*)  He appeared
21 determined to frustrate opposing counsel's attempts to elicit the testimony the court
22 needed to decide the issue on a complete record.  (*See id.*)  The court cannot ignore this

1 behavior in determining "what is fair here?" Accordingly, the court concludes that Mr.

2 Steinberg is entitled to a cost award in the amount of one tenth of the $3,212.77 he might

3 otherwise be entitled to, or $321.28.

## III. CONCLUSION

For the foregoing reasons, the court GRANTS the pending motions for bills of costs (Dkt. ## 270, 271, 272, 273) and awards $3313.40 to John L. Scott, $3,313.40 to James Grace, a total of $1,698.76 to David and Welles Rinning, $994.64 to Re/Max Eastside Brokers, and a total of $321.28 to Robert Steinberg and Steinberg & Associates.

Dated this 12th day of June, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 12